**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD TELEPO,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **No. _____** |
| **ANTHONY ALLSOP,** | : | |
| **individually as an agent of the** | : | |
| **Pennsylvania Board of Probation** | : | |
| **and Parole;** | : | **JURY TRIAL DEMANDED** |
| **ALISON ROBERTSON,** | : | |
| **individually as an agent of the** | : | |
| **Pennsylvania Board of Probation** | : | |
| **and Parole,** | : | |
| **Defendants** | : | |

**COMPLAINT**

**INTRODUCTION**

1.  This civil rights action alleges violations of plaintiff Ronald Telelpo's rights under the Fourth

and Fourteenth Amendments that resulted from the unlawful arrest and incarceration of plaintiff

by the individual defendants, agents of the Pennsylvania Board of Probation and Parole, for

alleged technical parole violations at a time when plaintiff was not subject to the jurisdiction of

the Board and when neither defendant had the lawful power to supervise plaintiff as a parolee.

2.  Plaintiff Telepo was under parole supervision by the defendants after being released on parole

in August, 2009 to complete his 1-3 year state sentence of incarceration.  After the grant of

parole, in July, 2010, the sentence in plaintiff's case was vacated by the Superior Court of

Pennsylvania, which remanded the matter to the Court of Common Pleas for a new sentencing

hearing.  Accordingly, at that time plaintiff Telepo was not on parole status and could not legally

be subjected to any rules or regulations of the Parole Board or its agents.  Notwithstanding these facts, on February 16, 2011, plaintiff Telepo, then living in Easton, PA, was arrested by his parole agent, defendant Allsop, for an alleged technical violation of parole and thereafter incarcerated for a period of approximately 80 days before his release.  The defendant Allsop and his supervisor, defendant Robertson were on full notice of the fact of the Superior Court's ruling which terminated plaintiff's parole status, but the defendants ignored this information and unlawfully initiated and continued his unlawful incarceration.

## JURISDICTION

3.  This Court has subject matter jurisdiction of the claims asserted in this case pursuant to 28 U.S.C. §§1331 and 1343, 42 U.S.C. §1983 and §1988,  and the Fourth and Fourteenth Amendments to the United States Constitution.  The Court also has supplemental jurisdiction to hear state law claims under 28 U.S.C. §1367(a).

## PARTIES

4.  Plaintiff is a resident of the Commonwealth of Pennsylania residing in Easton, Pennsylvania.

5.  Defendant Anthony Allsop is an agent of the Pennsylvania Board of Probation and Parole and is sued in his individual capacity.  At all times relevant to this action, defendant Allsop was employed as an agent of the Board of Probation and Parole in the Allentown, PA office, acted in concert and conspiracy with defendant Robertson, and acted under color of state law.

6.  Defendant Alison Robertson is an agent of the Pennsylvania Board of Probation and Parole and is sued in her individual capacity.  At all times relevant to this action, defendant Robertson was employed as a supervising official of the Board of Probation and Parole in the Allentown, PA office, supervised defendant Allsop and acted in concert and conspiracy with him, and acted

under color of state law.

## FACTUAL ALLEGATIONS

7.  On April 18, 2008, plaintiff was sentenced on a criminal matter in Monroe County Pennsylvania to a term of imprisonment of 1-3 years.  Plaintiff filed an appeal from this judgment of sentence in the Superior Court of Pennsylvania.

8.  On August 26, 2009, plaintiff was released on parole by the Pennsylvania Board of Probation and Parole ("Board") and turned over to New Jersey authorities for service of a sentence in New Jersey.

9.  In March 2010, plaintiff was released from custody in New Jersey and was on parole in Pennsylvania.  Defendants Allsop and Robertson were, respectively, his parole agent and parole agent's supervisor and both defendants supervised plaintiff while he was on parole.

10.  On July 30, 2010, while plaintiff was under parole supervision by defendants Allsop and Robertson, the Superior Court of Pennsylvania vacated his sentence and remanded the case for re-sentencing.  As a result of this ruling, Mr. Telepo was no longer on parole and was not subject to the rules or regulations of the Board or the orders or supervision of the individual defendants.

11.  In the period September-October, 2010, plaintiff informed defendant Allsop of the ruling of the Superior Court of Pennsylvania, and in particular that he was no longer on parole as his sentence had been vacated, but defendant Allsop refused to make any investigation or inquiries into plaintiff's claim and informed plaintiff that he was still subject to the supervision by him and the Board.

12.  In December, 2010, plaintiff showed defendants Allsop and Robertson the July 30, 2010 Opinion of the Superior Court of Pennsylvania that vacated his sentence and that by operation of

law terminated his parole status, but both defendants, intentionally and with deliberate indifference to plaintiff's right to be free from parole conditions and supervision, refused to free him from this supervision and conditions of parole.  To the contrary, both defendants asserted that he would be arrested if he violated the conditions of parole.

13.   On February 16, 2011, plaintiff Telepo was arrested by defendant Allsop at plaintiff's residence for an alleged technical violation of parole.  At the time of his arrest and immediately thereafter plaintiff again informed defendants Allsop and Robertson that he was not on parole as a result of the Superior Court's ruling vacating his sentence in July, 2010, and therefore that neither the defendants nor the Board had any authority to arrest him for an alleged violation of the rules and regulations governing his former parole status.

14.   As a result of this illegal arrest, plaintiff was committed to the Department of Corrections where he again attempted to secure release by relating the same facts regarding the termination of his parole to his parole counselor.  However, on being informed that he would face even harsher parole revocation sanctions if he challenged the alleged parole violations at a hearing, and because the parole officials had repeatedly refused to act on the information he had provided that showed he could no longer be on parole, he did not formally dispute the parole revocation charges.

15.   Plaintiff was incarcerated from February 16 to May 6, 2011 on the basis of the parole violation charges and the revocation of his "parole."

16.   During the entire period this illegal incarceration, defendants were on direct notice that plaintiff was not on parole and that they had no jurisdiction or other power to subject him to the rules and regulations of the Board, or to arrest or incarcerate him for alleged violations of parole.

4

Yet, despite this direct notice, defendants intentionally and knowingly arrested and incarcerated

plaintiff and caused him to serve approximately 80 days of false imprisonment.  Their actions

were in violation of clearly established law under the Fourth and Fourteenth Amendments.

17.   As a direct and proximate result of the actions of the defendants, plaintiff was deprived of

his rights to be free from unlawful arrest and false imprisonment, and suffered deprivation of

liberty and serious emotional pain and suffering, all in violation of the Fourth and Fourteenth

Amendments to the United States Constitution.

## Count I

### Federal Constitutional Claims for False Arrest and False
### Imprisonment under Fourth and Fourteenth Amendments

18.   Plaintiff incorporates paragraphs 1-17.

19.    The actions and omissions of the defendants, all done intentionally, knowingly, or with

reckless disregard of the consequences, violated plaintiff's clearly established rights under the

Fourth and Fourteenth Amendments to be free from unlawful arrest, arrest without probable

cause, false imprisonment, and deprivation of liberty without due process of law.

## Count II

### Supplemental State Law Claims

20.   Plaintiff incorporates paragraphs 1-19.

21.   The actions and omissions of the defendants violated plaintiff's rights under the laws and

Constitution of the Commonwealth of Pennsylvania, including his right to be free from unlawful

arrest, arrest without probable cause, false imprisonment, and deprivation of liberty without due

process of law.  In addition, the actions of defendants constitute assault and battery and negligent

and intentional infliction of emotional distress.

Wherefore, plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to all defendants;

c. Reasonable attorney's fees as to all defendants;

d.  Such other and further relief as may be appropriate.

_____
David Rudovsky, Esquire
I.D. No. 15168
Kairys Rudovsky Messing & Feinberg
718 Arch Street, Suite 501S
Philadelphia, PA 19106
(215) 925-4400

Counsel for Plaintiff